**Stanley D. POMARANTZ and Linda Burnett Pomarantz, Petitioners–Appellants,**

v.

**Stanley D. POMARANTZ and Linda Burnett Pomarantz, Petitioners–Appellants,**

No. 87–7151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1988.

Decided Nov. 7, 1988.

Arthur H. Boelter, Seattle, Wash., for petitioners-appellants.

Elaine Ferris, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before WRIGHT, WALLACE and HUG, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We address here the issue whether under 26 U.S.C. § 280A(c)(1)(A) petitioner's home office qualifies as his principal place of business.

## I. BACKGROUND

Petitioner, Stanley D. Pomarantz, is a physician specializing in emergency care medicine. As the sole proprietor and later as an employee of his corporation, Stanley D. Pomarantz, M.D., Inc., P.S., he contracted with Riverton General Hospital for his services. During 1980 and 1981 he worked 33 to 36 hours per week at the hospital. He treated patients for approximately 14–16 hours of a 24–hour shift. During the remaining hours, he completed charts, followed up on patient treatment, and relaxed. Although he had no private office at the hospital, he had access to a work area, call room, and physician's lounge. The work area contained phones, desk space, and bookshelves with medical journals, textbooks, and handbooks. He relaxed, made calls, read or wrote in the call room which also contained desk space and a phone.

Dr. Pomarantz maintained a home office where he kept a library of medical journals and texts, business records for his professional service corporation and patients' charts. There he spent 150–250 hours per year reading publications. He also studied, wrote and followed up on patient care. He treated no patients at home. In most weeks, and as an average, he spent more time per week at the hospital rather than working at home.

On their joint income tax return in 1980, Dr. Pomarantz and his wife claimed a deduction of $1,454 for maintaining his home office while he was a sole proprietor. In 1980 and 1981, they deducted $3,816 and $3,599 respectively for Stanley D. Pomarantz, M.D., Inc., P.S. The Commissioner disallowed the home office deduction. The Tax Court found that Dr. Pomarantz's home office did not qualify as his principal place of business within the meaning of 26 U.S.C. § 280A(c)(1)(A).

## II. LEGAL BACKGROUND

■ 26 U.S.C. § 280A generally prohibits any deduction for the business use of a taxpayer's home.[1] *Green v. Commissioner*, 707 F.2d 404, 406 (9th Cir.1983) (presumption against deductibility for business use of residence). The taxpayer may take a deduction only by meeting one of the exceptions of § 280A(c)(1). Here, Dr. Pomarantz relies on § 280A(c)(1)(A) which provides a deduction for a home office that is the taxpayer's principal place of business.[2] Section 280A imposes a heavy burden on the taxpayer to establish that home office expenses are deductible. *Meiers v. Commissioner*, 782 F.2d 75, 77 (7th Cir. 1986); *see also Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933) (burden of proof on taxpayer to show entitlement to deduction); *Smith v. Commissioner*, 800 F.2d 930, 933 (9th Cir. 1986) (taxpayer must show entitlement to deduction). We presume that the commissioner's finding of a deficiency is correct. *Kalgaard v. Commissioner*, 764 F.2d 1322, 1323 (9th Cir.1985).

■ Neither the legislative history nor the text of 26 U.S.C. § 280A(c)(1)(A) defines "principal place of business." *Baie v. Commissioner*, 74 T.C. 105, 109 (1980). A taxpayer can, however, have only one principal place of business for each trade or business. *Curphey v. Commissioner*, 73 T.C. 766, 776 (1980).

The Tax Court determines a taxpayer's principal place of business by ascertaining which location is the focal point of business activity. *See Jackson v. Commissioner*,

---

**1.** 26 U.S.C. § 280A provides in pertinent part:
Section 280A. Disallowance of certain expenses in connection with business use of home, rental of vacation homes, etc.
(a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

**2.** 26 U.S.C. § 280A(c)(1)(A) provides:
280A(c)—Exceptions for certain business or rental use; limitation on deductions for such use.—
(1) Certain business use.—Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis—
(A) [as] the principal place of business for any trade or business of the taxpayer.

76 T.C. 696, 700 (1981); *Baie,* 74 T.C. at 109. Generally it identifies the focal point as the place where the taxpayer provides goods and services or where income is produced. *Meiers,* 782 F.2d at 78.

Circuit courts have reversed the Tax Court's finding of principal place of business under the focal point test in three instances. Reversing that court's finding that a violinist's principal place of business was the Metropolitan Opera and not his home practice area, the Second Circuit found that "[b]oth in time and in importance, home practice was the 'focal point' of the appellant musicians' employment-related activities." *Drucker v. Commissioner,* 715 F.2d 67, 69 (2d Cir.1983).

Again it reversed the Tax Court and criticized the focal point test as shifting attention to the place where work is more visible rather than where the taxpayer accomplishes the dominant portion of work. *Weissman v. Commissioner,* 751 F.2d 512, 514 (2d Cir.1984). It considered the nature of the taxpayer's activities at each location, the space in which they could be conducted, the practical necessity of an office and whether the tasks pursued there were conditions of employment. *Id.* at 514–15, 516.

The Seventh Circuit also reversed the Tax Court's finding of principal place of business and questioned the usefulness of the focal point test. *Meiers,* 782 F.2d at 79. It considered the length of time the taxpayer spent at the home office compared to other locations, the importance of the business functions performed in the home office, the business necessity of maintaining the office and the money spent to establish the office. *Id.*

Here, the Tax Court did not reconcile the decisions of the circuit courts, but found that by any standard Dr. Pomarantz's home office did not qualify as his principal place of business within the meaning of § 280A(c)(1)(A).

### III. ANALYSIS

■ We review the decisions of the Tax Court by the same standard that we review civil bench trials in the United States District Courts. *Grimes v. Commissioner,* 806 F.2d 1451, 1453 (9th Cir.1986). We will not disturb the Tax Court's factual determinations unless clearly erroneous. *Enrici v. Commissioner,* 813 F.2d 293, 295 (9th Cir.1987); *Stern v. Commissioner,* 747 F.2d 555, 557 (9th Cir.1984); *Thompson v. Commissioner,* 631 F.2d 642, 646 (9th Cir. 1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

By focusing on the facts and circumstances surrounding Dr. Pomarantz's business, the Tax Court found that his home office was not his principal place of business under § 280A(c)(1)(A). Although arguably a mixed question of law and fact, we find that the Tax Court's determination of principal place of business is essentially factual and subject to the clearly erroneous standard. This case is similar to *Commissioner v. Duberstein,* where the Supreme Court stated:

Decision of the issue presented in these cases [whether a transfer is a gift within § 22(b)(3)] must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case. The nontechnical nature of the statutory standard, the close relationship of it to the data of practical human experience, and the multiplicty of relevant factual elements, with their various combinations, creating the necessity of ascribing the proper force to each, confirm us in our conclusion that primary weight in this area must be given to the conclusions of the trier of fact. 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).

*See also Smith,* 800 F.2d at 934 (determination that organization failed to qualify as charitable under 26 U.S.C. § 170 reviewed for clear error); *Enrici,* 813 F.2d at 295 (finding that forward contracts were shams reviewed for clear error); *Thompson,* 631 F.2d at 646 (finding that transaction lacked economic substance reviewed for clear error).

Furthermore, the expertise of the Tax Court warrants that we defer to its conclusions and adopt a clearly erroneous standard. *Thompson,* 631 F.2d at 646. The Second Circuit also seems to have adopted the clearly erroneous standard. *See Drucker,* 715 F.2d at 69 (erroneous holding

of location of petitioner's principal place of business); *but see Weissman,* 751 F.2d 512, 516 (2d Cir.1984) (both clearly erroneous and *de novo* review implied).

When applying the focal point test, the Tax Court looks to where goods or services are delivered and where income is produced. The Second Circuit reviews the nature of the taxpayer's activities at each location noting where the dominant portion of work is accomplished. It considers also the importance of the task performed and the time spent at each place, the space in which the activities can be conducted, the practical necessity of an office and whether the work pursued there is a condition of continued employment.

█ Without adopting a specific standard, we believe that under any of these tests, the hospital, rather than the home, was Dr. Pomarantz's principal place of business. He consistently spent more time on duty at the hospital rather than at home. The essence of his profession is the hands-on treatment of patients which he did only at the hospital and never at home. Finally, he generated income only by seeing patients at the hospital not studying or writing at home. His home office was not his principal place of business within 26 U.S.C. § 280A(c)(1)(A).

AFFIRMED.