SAMUEL EWER EASTMAN AND FRANCES G. EASTMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eastman v. Commissioner
Docket No. 5927-88.
United States Tax Court
T.C. Memo 1989-288; 1989 Tax Ct. Memo LEXIS 288; 57 T.C.M. (CCH) 698; T.C.M. (RIA) 89288; June 14, 1989. Samuel Ewer Eastman, pro se. Karen A. Rose, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A of the Code. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1984 in the amount of $ 2,482.97 and additions to tax under section 6653(a)(1) in the amount of $ 124.15 and under section 6653(a)(2) *290 in an amount equal to 50 percent of the interest due on the deficiency. The deficiency stems from respondent's determination that petitioners were not entitled to claim deductions for home office expenses, and travel and entertainment expenses. After concessions by both parties, the issues for decision are: (1) whether petitioners are entitled to a deduction for expenses incurred in connection with an office in their residence; (2) whether petitioners are entitled to deductions for travel and entertainment expenses; and (3) whether petitioners are liable for additions to tax under section 6653(a)(1) and (2). Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. Petitioners are husband and wife. They filed a joint Federal income tax return for the taxable year 1984. During 1984 and at the time of filing the petition herein, petitioners resided at Washington, D.C. For convenience, we will discuss the facts and applicable law as to each issue separately. 1. Home Office
During the year in issue Samuel Ewer Eastman (hereinafter referred to as petitioner) was a transportation consultant. *291 He has written a book and had numerous papers published in his field of expertise. Prior to 1970 petitioner operated a consulting business. Petitioner was employed by the Department of Transportation from 1970 through 1976. In September 1976 petitioner reopened his consulting business under the name Economic Services Corporation (ESC). Early in 1984, petitioner was continuously seeking business for ESC but was unsuccessful. On April 9, 1984, petitioner was hired as a consultant by the Department of Energy to review, analyze and evaluate a large computer simulation involving coal supply and the transportation industry. Petitioner was considered an independent contractor. Petitioner went to the Department of Energy periodically to utilize the computer and to meet with computer programmers and other employees. Petitioner had use of a desk in a room used by several consultants at the Department of Energy, and he was able to come and go at his convenience. Petitioner generally utilized his office at home for research and writing reports. Petitioner spent approximately one-half of his time at his home office, with the remainder spent either in the field or at the Department of *292 Energy. In September 1984, petitioner was hired as a full time employee by the Interstate Commerce Commission. During this period, petitioner was permitted to continue his consulting business; however, because he was a new full-time employee on probation, he did very little, if any, consulting work. On their 1984 Federal income tax return, petitioners claimed deductions for costs incurred in connection with the use of a home office. After concessions by both parties, the amounts in dispute with respect to the home office deductions are $ 1,287 for depreciation, $ 35 for laundry, and $ 1,349 for utilities and telephone expenses. Section 162(a) allows a deduction for all ordinary and necessary business expenses paid or incurred during the taxable year. However, section 280A(a) provides as a general rule that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." There are several exceptions to the general rule which are set forth in section 280A(c)(1): (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use. -- (1) Certain business use. -- Subsection *293 (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis -- (A) [as] the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner bears the burden of proving that respondent's determinations are incorrect. Rule 142(a). Because respondent conceded that petitioner was an independent contractor and not an employee from January through September 1984, petitioner argues that section 280A(c) (1)(A) is the applicable exception at least for part of the year. Under that exception, petitioner must establish that he used a portion of his residence exclusively, on a regular basis, as his principal place *294 of business. Petitioner contends that his home office was his principal place of business for the entire year. Respondent argues that while petitioner was an independent contractor his principal place of business was at the Department of Energy. In the alternative, respondent contends that if we find petitioner's home office to be his principal place of business, petitioner's home office deduction should only be allowed for the period of time that he was an independent contractor with the Department of Energy. The legislative history and the income tax regulations offer little guidance as to the scope of "principal place of business" as that term is used in section 280A. Baie v. Commissioner,74 T.C. 105, 109 (1980). It is established, however, that a taxpayer can have only one principal place of business for each business in which he is engaged. Curphey v. Commissioner,73 T.C. 766 (1980). "We therefore take it that what Congress had in mind was the focal point of a taxpayer's activities." Baie v. Commissioner, supra at 109. See also Jackson v. Commissioner,76 T.C. 696, 700 (1981). The "focal" point is *295 not dependent solely on the number of hours spent at a particular place of business. It is, rather, that location which is most essential to carrying on the taxpayer's business. Williams v. Commissioner,T.C. Memo. 1987-308; Cristo v. Commissioner,T.C. Memo 1982-514. We note that we have been reversed on three occasions by courts of appeals which have criticized the focal point test. Meiers v. Commissioner,782 F.2d 75 (7th Cir. 1986), revg. a Memorandum Opinion of this Court; Weissman v. Commissioner,751 F.2d 512 (2d Cir. 1984), revg. and remanding a Memorandum Opinion of this Court; Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), revg. and remanding 79 T.C. 605 (1982). According to the courts of appeals, the focal point test places too much emphasis on where the taxpayer's work is most visible, not where the dominant portion of the taxpayer's work is accomplished. Pomarantz v. Commissioner,T.C. Memo. 1986-461, affd. 860 F.2d 960 (9th Cir. 1988). In Pomarantz, an emergency care physician sought to deduct expenses related to maintenance of *296 a home office, even though he treated patients at a hospital. We held in Pomarantz that under either standard the result would be the same, that is, that the taxpayer's principal place of business was not his home office. On the facts of this case, we find that under either standard the principal place of business of petitioner was his home office. Petitioner has established that he conducted a consulting business as a sole proprietor during the year in issue. As a sole proprietor, he was retained by the Department of Energy to review, analyze and evaluate a computer simulation which provided an annual assessment of energy produced from coal. While under contract with the Department of Energy as a consultant, petitioner spent approximately fifty percent of his time at his home office. All of petitioner's research and writing was accomplished at his home office. This was the only reasonable place where these activities could be conducted. Furthermore, the report researched and written by petitioner in his home office was the final product for which he was being paid. Petitioner conducted his consulting business out of his home office. We therefore conclude that petitioner's *297 principal place of business was his home office. We must now determine for what period of time in 1984 petitioner's home office was his principal place of business. Petitioner was engaged in the trade or business of a consultant. We are satisfied that petitioner had the honest objective of carrying on his business for profit during the period January 1, 1984 through September 1, 1984. Dreicer v. Commissioner,78 T.C. 642 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). We therefore reject respondent's contention that petitioner may not deduct expenses of his home office incurred prior to the date he was retained by the Department of Energy. Petitioner, however, did not present any evidence as to the extent of any consulting activity after he commenced employment at the Interstate Commerce Commission in September 1984. Therefore, we find that petitioner is not entitled to a deduction for expenses incurred in connection with an office in his residence from September 1, 1984 through December 31, 1984. 2. Travel and Entertainment Expenses
Petitioners operated a rental business under the name of Mountain Top M & M Homes (M&M). The *298 properties were located in Garrett County, Maryland. Petitioners claimed travel and entertainment expenses in connection with M&M in the amounts of $ 1,299 and $ 1,567, respectively. Respondent disallowed entirely the deductions for travel and entertainment expenses. Section 162(a) allows a deduction for ordinary and necessary expenses paid or accrued during the taxable year in carrying on a trade or business. However, section 274(d) imposes additional requirements for the substantiation of expenses for travel, entertainment and gifts. Under section 274(d), the taxpayer is required to substantiate by "adequate records or by sufficient evidence corroborating his own statement" the amount of the expense, the time and place of the travel and entertainment, and the business relationship to the taxpayer of the persons entertained. [2]
*299 The regulations under section 274(d) provide clarification and explanation of the substantiation requirements. Sec. 1.274-5, Income Tax Regs. In order to meet the "adequate records" requirement, a taxpayer must maintain "an account book, diary, statement of expense or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure" specified in the statute and regulations. Sec. 1.274-5(c)(2)(i), Income Tax Regs.
In the absence of adequate records to substantiate each element of an expense, a taxpayer must establish such element by "his own statement, whether written or oral, containing specific information in detail as to such element," and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5(c)(3), Income Tax Regs.
Petitioner did not maintain an account book, diary or statement of expense that set forth the business purpose of any travel and entertainment expense. Petitioner failed to present specific corroborating information regarding the amount of the expense, the place of the travel and entertainment, and the business purpose. Sec. 1.274-5(c)(3), Income Tax Regs.; sec. *300 274(d). Petitioner thus failed to qualify under either the "adequate records" test of section 1.274-5(c)(2), Income Tax Regs., or by other sufficient evidence under section 1.274-5(c)(3), Income Tax Regs. Accordingly, we disallow the claimed travel and entertainment expenses. 3. Additions to Tax Under Section 6653(a)(1) and (2)
Section 6653(a)(1) imposes an addition to tax if any part of an underpayment is due to negligence or disregard of rules and regulations. Section 6653(a)(2) further imposes an addition to tax in the amount of 50 percent of the interest due on the portion of an underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner has the burden of proving he is not liable for the additions to tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners failed to establish that they were not negligent and we sustain respondent's determination on these additions to tax. To reflect the foregoing, Decision will be entered under Rule *301 155.
Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 274(d) provides: (d) Substantiation Required. -- No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, (3) for any expense for gifts, or * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *↩