**Nader E. SOLIMAN, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 90–1807.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1991.

Decided June 5, 1991.

Teresa Ellen McLaughlin, argued (Shirley D. Petersen, Asst. Atty. Gen., Gary R. Allen and Richard Farber, on brief), Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

David Michael Sokolow, McGuffie, Greif, Whitney & Handal, Washington, D.C., for petitioner.

Before PHILLIPS, Circuit Judge, CHAPMAN, Senior Circuit Judge, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

CHAPMAN, Senior Circuit Judge:

The Commissioner of Internal Revenue ("Commissioner") appeals the decision of the United States Tax Court in favor of plaintiff-appellee Nader E. Soliman ("Soliman"). This appeal presents the single issue[1] of how a taxpayer's "principal place of business" is established for the purpose of expenses for business use of an office in the home as a deduction for income tax determinations. The Tax Court concluded that Soliman's office in his residence was his principal place of business within the meaning of section 280A of the Internal Revenue Code, 26 U.S.C. § 280A, and that expenses attributable to the office were deductible. We affirm.

I.

Soliman, a self-employed anesthesiologist, operated his medical practice as a sole proprietor until September 1, 1983. Beginning on September 1, 1983, Soliman began operating his practice as a professional services corporation, Nader Soliman, M.D., P.C.

During 1983, Soliman worked as an anesthesiologist at three hospitals: Suburban Hospital in Bethesda, Maryland, Shady Grove Hospital in Rockville, Maryland, and Loudon Memorial Hospital in Leesburg, Virginia. He spent approximately thirty (30) to thirty-five (35) hours per week at the hospitals with the majority of such time at Suburban Hospital. None of the hospitals provided an office for Soliman.

Soliman lived in a three-bedroom apartment in McLean, Virginia. He used a spare bedroom as an office, which he fur-

nished with a chair, desk, couch, telephone, answering machine, copier and filing cabinet. In the office he kept patient records, billing records, correspondence with patients, names of surgeons and insurance companies, medical journals, medical texts, collections agency records, and insurance code books. In addition to storing these records and materials, Soliman used his office to contact surgeons and patients, and also hospitals to arrange admission of his patients. He performed all of his record keeping in the office, maintaining detailed accounts of billing records and patient logs. He also used the office for reading medical journals to keep abreast of advances in anesthesiology and to prepare for specific patients. Soliman used the office to prepare for his monthly presentations to post-anesthesia care nurses at Suburban Hospital and to study the materials necessary to satisfy his own continuing medical education requirements. In all, Soliman spent two to three hours a day in his home office.

On his 1983 income tax return, Soliman claimed deductions of approximately $2,500 for expenses and depreciation for the home office. On audit, the Commissioner disallowed the deductions finding that they were precluded under section 280A, because his "home office" was not Soliman's "principal place of business" within the meaning of the statute. The tax court disagreed and found that Soliman's home office was his principal place of business.

II.

The sole issue presented in this appeal is how a taxpayer's "principal place of business" is determined under Section 280A. Section 162(a) of the IRC (26 U.S.C. § 162(a)) allows a deduction for "all the ordinary and necessary expenses incurred during the taxable year in carrying on any trade or business...." Before the enactment of section 280A, a taxpayer could abuse the section 162(a) deduction by deducting expenses incurred in the maintenance of a "home office," because the Code

---

1. The Commissioner also alleged that Soliman under-reported his income by improperly deducting several "tax seminar" trips to the Virgin Islands and Orlando, Florida. The Tax Court held Soliman liable for these actions, and he did not appeal these findings.

only required that the home office be "appropriate and helpful."

To close this "loophole," Congress enacted section 280A, which provides that no deduction is allowable "with respect to the use of a dwelling unit which is used by a taxpayer ... as a residence." However, section 280A(c)(1) allows a home office deduction "to the extent that such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis" (1) as the "principal place of business for any trade or business of the taxpayer," (2) "as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business," or (3) in the case of "a separate structure ... not attached to the dwelling unit, in connection with the taxpayer's trade or business."

Section 280A does not define "principal place of business," and the tax court formulated a judicial definition by adopting the "focal point" test to evaluate a taxpayer's "principal place of business." The "focal point" is the place where goods and services are provided to customers and revenues are generated. *Baie v. Commissioner,* 74 T.C. 105 (1980). Applying this test, the tax court concluded that Soliman's home could not be his "principal place of business," because the business activities performed at home were "ancillary to the primary income-generating services [Soliman] performed as an anesthesiologist at the hospitals."

Then the Tax Court found that the "focal point" test had been questioned in the past[2] and, it decided to discard the "focal point" test. In its place, the tax court adopted the "facts and circumstances" test which provides that where management or administrative activities are essential to the taxpayer's trade or business and the only available office space is in the taxpayer's home, the "home office" can be his "principal place of business," with the existence of the following factors weighing heavily in favor of a finding that the taxpayer's "home office" is his "principal place of business:" (1) the office in the home is essential to the taxpayer's business; (2) he spends a substantial amount of time there; and (3) there is no other location available for performance of the office functions of the business. Applying this test, the tax court concluded that Soliman's "home office" was his "principal place of business" and that expenses of his office were deductible under section 280A(c)(1).

The Commissioner urges reversal, claiming that the tax court's new test renders section 280A meaningless. The Commissioner contends that the tax court's interpretation of section 280A creates a loophole that every taxpayer, who engages in work related activities at home, will abuse. We find the Commissioner's concern is unfounded.

The tax court's "facts and circumstances" test reflects the same policy that undergirds the IRS's proposed regulation allowing salespersons to deduct home office expenses. The regulation provides that salespersons can deduct expenses from a home office even though they spend most of their time on the road as long as they spend "a substantial amount of time on paperwork at home." Proposed Income Tax Reg. § 1.280A–2(b)(3), 45 Fed.Reg. 52,399 (Aug. 7, 1980), as amended, 48 Fed. Reg. 33,320 (July 21, 1983).[3] The tax court found that the proposed regulation represented the spirit of section 280A and justified adopting the new test. While it is true that the proposed regulation was not bind-

---

**2.** Three circuit court opinions have criticized the "focal point" test. *See Drucker v. Commissioner,* 715 F.2d 67 (2d Cir.1983); *Weissman v. Commissioner,* 751 F.2d 512 (2d Cir.1984); and *Meiers v. Commissioner,* 782 F.2d 75 (7th Cir. 1986). In each case, the circuit court reversed the tax court's decision against the taxpayer on the taxpayer's claim of a part of his residence as his "principal place of business." Although the courts did not repudiate the "focal point" test,

they recognized the potential injustice that the test could create.

**3.** Although the regulation was initially proposed in 1980, it is still awaiting final approval by the Commissioner. Under the Commissioner's regulation promulgation procedures, a proposed regulation can lay dormant indefinitely until the Commissioner either withdraws the proposal or adopts a final draft of a proposal as a regulation.

ing on the tax court or this court, the regulation does evince a policy to allow "home office" deductions for taxpayers who maintain "legitimate" home offices, even if the taxpayer does not spend a majority of his time in the office.

We find that the tax court's new "facts and circumstances" test does not eviscerate the requirements of section 280A,[4] but simply replaces the inflexible and potentially unjust "focal point" test. Under the new test, a taxpayer's "principal place of business" will not be determined by only considering which location generates income or client contact, but which location is the true headquarters of the business, as determined by the factors enumerated by the tax court. This test more accurately reflects the purposes and requirements of section 280A, and we affirm it as the law of this circuit.

### III.

For the above reasons, the decision of the tax court is

AFFIRMED.

PHILLIPS, Circuit Judge, dissenting:

The majority affirms the Tax Court's adoption and application of its new "facts and circumstances" test for determining a taxpayer's principal place of business under Internal Revenue Code § 280A. Because I believe the "facts and circumstances" test misconstrues the meaning of § 280A, I respectfully dissent.

Section 280A opens with the "general rule" that "no deduction ... shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." 26 U.S.C. § 280A(a). Section 280A(c), however, provides several exceptions to that general rule for certain kinds of "business use." Critical here is the exception that allows deduction to the extent that any portion of a dwelling unit is "used on a regular basis [as] *the* principal place of business for any

trade or business of the taxpayer." 26 U.S.C. § 280A(c)(1)(A) (emphasis added). The issue here is narrowly and simply whether Soliman's home office use came within this "principal place of business" exception.

Adopting the Tax Court's new "facts and circumstances" test as the law of this circuit, the majority concludes that a home office can be a taxpayer's "principal place of business" if "management or administrative activities are essential to the taxpayer's trade or business and the only available office space is in the taxpayer's home." At 54. Because Soliman's home office was essential to his business, he spent a substantial amount of time there, and there was no other location where he could perform the office functions of his business, the Tax Court found and the majority agrees that Soliman's home office was his "principal place of business."

I disagree with this approach. Under the plain language of § 280A(c)(1)(A), a taxpayer can only have one "principal place of business." *See Pomarantz v. Commissioner,* 867 F.2d 495, 496 (9th Cir.1988). Section 280A does not in terms allow a taxpayer to deduct home office expenses any time those expenses are essential to his business. As the dissenting judges in the Tax Court's decision point out, the "facts and circumstances" test eliminates any need for comparing a taxpayer's use of several business locations to determine which constituted his "principal place of business." *See Soliman v. Commissioner,* 94 T.C. 20, 33, 35 (1990) (Nims, J., dissenting) and (Ruwe, J., dissenting). They thought, and I agree, that the term "principal place of business" compels an inquiry directed to that specific question— which is the *one* that is "principal." Otherwise Congress could have used language such as "essential place of business" or "necessary place of business."

All three of the cases relied on by the majority in which circuit courts have concluded that a taxpayer's home office was

---

4. We note that the new test has been applied in four recent cases, and in at least one of these cases, the court has found against the taxpayer.

*See In re James R. Shore,* T.C. Memo 1990272, ¶ 90,272 P–H Memo TC (finding against the taxpayer).

his "principal place of business" are distinguishable from Soliman's case. Unlike this case, they involve situations where the taxpayer spent the majority of his time in his home office, or did his most important work there, or both. *See Meiers v. Commissioner,* 782 F.2d 75, 79 (7th Cir.1986) (taxpayer "spent most of her time in the home office and performed what may be her most important functions as a manager there"); *Weissman v. Commissioner,* 751 F.2d 512, 516 (2d Cir.1984) (taxpayer spent 80% of his work time in his home office); and *Drucker v. Commissioner,* 715 F.2d 67, 69 (2d Cir.1983) ("[b]oth in time and in importance, home practice was the 'focal point' of the appellant musicians' employment-related activities."). In each of these decisions, the circuit court compared business locations to see which one qualified as the principal place of business. As the dissenting Tax Court judges in this case both recognized, those decisions actually provide more proper tests for locating the principal place of business than does the amorphous "facts and circumstances" test. Chief Judge Nims proposed a "time and importance" modification of the "focal point" test. Under it the courts would continue to apply the "focal point" test—which defines the "focal point" as the place where the taxpayer provides goods and services and generates revenue—except "in the rare situation where in time and importance the home office itself became the focal point of the taxpayer's activities." *Soliman v. Commissioner,* 94 T.C. 20, 32 (1990) (Nims, J., dissenting). Judge Ruwe suggested a test under which a taxpayer's principal place of business would be "the place where the dominant portion of the taxpayer's work is accomplished." *Id.* at 41 (Ruwe, J., dissenting). With those dissenting judges, I believe that either of these tests is more consistent with the meaning of § 280A(c)(1)(A) than is the Tax Court's new, more open-ended one.

It is undisputed that Soliman does not spend the majority of his time at his home office. He also does not do his most impor-

tant work—treating patients—at his home office. Although Soliman's home office work is essential to his business, this should not mandate a finding that the home office is his principal place of business. In a quite similar case, the Ninth Circuit recently concluded that an emergency care physician's home office was not his "principal place of business" under § 280A. *See Pomarantz v. Commissioner,* 867 F.2d 495 (9th Cir.1988). The Ninth Circuit ruled that Pomarantz could not deduct home office expenses because

> he consistently spent more time on duty at the hospital rather than at home. The essence of his profession is the hands-on treatment of patients which he did only at the hospital and never at home. Finally, he generated income only by seeing patients at the hospital not studying or writing at home.

*Id.* at 497–98. I would apply this very reasoning to find that Soliman's home office was not his principal place of business.

In sum, I would not adopt the "facts and circumstances" test as the law of this circuit. It avoids what I think a fair application of § 280A(c)(1)(A) flatly compels: a comparison of the uses of multiple business locations to determine which is *the* principal place of business of a taxpayer. It does so by requiring courts to weigh so many factors that great uncertainty in the application of this critical tax concept is bound to result. Cf. *Cadwallader v. Commissioner,* 919 F.2d 1273, 1275 (7th Cir. 1990) (noting "vagaries" of the " 'all relevant factors' laundry list" used by the Tax Court in *Soliman* ). Because Soliman spends the majority of his time and does his most important work away from his home office, I would reverse.[5]

---

**5.** The majority cites Proposed Income Tax Reg. § 1.280A–2(b)(3), 45 Fed.Reg. 52399 (Aug. 7, 1980), as amended, 48 Fed.Reg. 33320 (July 21,

1983), in support of its decision. As the majority recognizes, this proposed regulation is not binding precedent on the Tax Court or this

court. Moreover, the proposed example the majority cites from the regulation specifically applies to "outside salesperson[s]" who do not spend any large portion of their time in one particular location. Although these salespersons spend more time on the road than in their home offices, they may spend more time at their home offices than in any one particular

place that they sell goods. Soliman, in addition to spending the majority of his time at the hospital, spent more time at one of the three hospitals, Suburban Hospital, than he spent at his home office. Thus, his home office is not the base for his business in the same way that it would be for a salesperson.