21 F.3d 1119
 73 A.F.T.R.2d 94-1775
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald F. WHATLEY; Cindy D. Whatley, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70274.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald and Cindy Whatley appeal pro se the tax court's decision upholding the Commissioner of the Internal Revenue Service's ("IRS") (1) determination of federal income tax deficiencies for the tax years 1986 and 1987, and (2) imposition of additions to tax for negligence and substantial underpayment of income tax. We have jurisdiction under 26 U.S.C. Sec. 7482(a)(1), and we affirm.[1]
 
 
 3
 * Determination of Deficiencies
 
 
 4
 The Whatleys contend that the tax court erred by upholding the IRS's determination of deficiencies based on unreported income for 1986 and improper business-expense deductions on their 1986 and 1987 tax returns.[2] This court reviews the tax court's factual determinations for clear error. See Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir.1979).
 
 A. Unreported Income
 
 5
 The IRS's determination of a deficiency generally is presumed correct. Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). Where a deficiency determination is based on unreported income, however, "the presumption arises only where it is supported by some substantive evidence that the taxpayer received unreported income." Id. Once the IRS has introduced "evidence linking the taxpayer with income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Id.
 
 
 6
 Here, the IRS entered into evidence bank statements from 1986 which the Whatleys stipulated were from their bank accounts. The IRS also offered the testimony of Jean Kramer, the IRS agent who audited the Whatleys' 1986 and 1987 tax returns. Kramer testified that she used the Whatleys' bank statements to prepare a "bank-deposit analysis" from which she determined that the Whatleys had $9,437 in unreported income from a taxable source. Because the IRS's evidence thus indicated a link between the Whatleys and some unreported income-producing activity, the tax court correctly determined that the IRS's determination was presumptively correct. See id.
 
 
 7
 To rebut the presumption of correctness, the Whatleys needed to show that the determination was arbitrary or erroneous. See id. Because the IRS's determination was based on a bank-deposit analysis, the Whatleys could only meet their burden by showing that the deposits came from a nontaxable source. See Calhoun v. United States, 591 F.2d 1243, 1245 (9th Cir.1978), cert. denied, 439 U.S. 1118 (1979). The Whatleys failed to meet this burden.
 
 
 8
 First, during his cross-examination of Kramer, Mr. Whatley asked about the bank-deposit analysis. In particular, he asked Kramer what figures she used to estimate the Whatleys' taxes, household costs, and automobile expenses and how she calculated the Whatleys' "redeposits" between bank accounts. Although the Whatleys contend that there were errors in Kramer's analysis, nothing in Kramer's testimony reveals such errors, and the Whatleys failed to present other evidence of error.[3]
 
 
 9
 Second, Mr. Whatley testified that he had a "cash hoard" in a safety-deposit box which he used to meet expenses in 1986. See Holland v. United States, 348 U.S. 121, 127 (1954). Although the Whatleys introduced into evidence a receipt for a safety-deposit box, they failed to produce evidence corroborating the existence of money in the box. See Geiger v. Commissioner, 440 F.2d 688, 689-90 (9th Cir.) (per curiam) (court does not have to accept taxpayer's unsubstantiated testimony), cert. denied, 404 U.S. 851 (1971). Moreover, Mr. Whatley's testimony was contradicted by Kramer's testimony that, at the audit, Mr. Whatley said nothing about a "cash hoard" and claimed to have had only $1,000 in cash on hand in 1986. Given this contradictory evidence and the tax court's finding that Mr. Whatley's testimony was "self-serving, scrambled, and generally not credible," the Whatleys failed to prove that the unreported income came from a cash hoard. See Cooper v. Commissioner, T.C.M. (P-H) p 87,430 (1987) (taxpayer did not meet burden as testimony on cash in safe-deposit box was vague and not credible). Thus, because the Whatleys did not meet their burden of proof, the tax court properly upheld the IRS's determination regarding the unreported income. See Rapp, 774 F.2d at 935.
 
 
 10
 B. Improper Deductions for Business Expenses
 
 
 11
 The Whatleys contend that the tax court erred by upholding the IRS's deficiency determinations for the 1986 and 1987 tax years based on the disallowance of certain business-expense deductions. The Whatleys contend that they possess sufficient evidence to substantiate their deductions and that the tax court either ignored this evidence or improperly excluded it. These contentions lack merit.
 
 
 12
 i. Substantiation of General Business Deductions
 
 
 13
 Under 26 U.S.C. Sec. 162(a), a taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...." Where the IRS has determined a deficiency disallowing certain business expenses, the taxpayer has the burden of coming forward with sufficient evidence to support a finding contrary to the IRS's determination, and after rebutting the presumption, carrying the burden of proof in substantiating a claimed deduction. See Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir.1986); Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1189 (9th Cir.1984). If a taxpayer's records are inadequate or there are no records, a tax court may still allow a deduction based on a reasonable estimate, provided the taxpayer establishes he is entitled to some deduction. See Norgaard v. Commissioner, 939 F.2d 874, 879 (9th Cir.1991) (discussing rule of Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir.1930)).
 
 
 14
 Here, we conclude that the tax court did not err by finding that the Whatleys failed to present sufficient evidence to substantiate their deductions for (1) the cost of goods and gifts, (2) expenses for dues and publications, (3) legal fees, and (4) commissions, wages, and advertising. See 26 U.S.C. Sec. 162(a).
 
 
 15
 First, although Mr. Whatley testified that he was forced by General Business Supply ("GBS") to purchase gifts and goods for clients to induce sales, the tax court's finding that GBS was responsible for the cost of goods for resale is supported by Mr. Whatley's testimony that he purchased only "special merchandise", and by a contract between GBS and Mr. Whatley which specified that GBS would pay such costs. Moreover, although Mr. Whatley testified that he paid cash for the items, he did not have receipts[4] and attempted to submit in evidence hundreds of sale order forms which did not substantiate the costs because they only recorded sales, not purchases.[5]
 
 
 16
 Second, although Mr. Whatley testified that the claimed publications were business related, see Stemkowski v. Commissioner, 82 T.C. 854, 868-69 (1984), Kramer testified that during the audit, Mr. Whatley provided cancelled checks which indicated that some publications were personal in nature. See 26 U.S.C. Sec. 262 (no personal-expense deductions allowed).
 
 
 17
 Third, with respect to the claimed legal fees, Kramer testified that during the audit, the Whatleys provided a cancelled check paid to a credit card company for such fees. Although Mr. Whatley stated the payment was to "law phone", an attorney retention service, he did not offer evidence of how these charges related to his business. See Madden v. Commissioner, 514 F.2d 1149, 1150-51 (9th Cir.1975) (business-related legal fees deductible under section 162), cert. denied, 424 U.S. 912 (1976).
 
 
 18
 Finally, the only evidence the Whatleys offered in support of commission payments, wages, and advertising expenses was Mr. Whatley's unsubstantiated and vague testimony. Given this evidence, we agree with the tax court that the Whatleys failed to show they were entitled to these deductions. See Norgaard, 939 F.2d at 879; Meridian Wood, 725 F.2d at 1189.
 
 
 19
 ii. Strict Substantiation
 
 
 20
 Where a taxpayer claims travel, entertainment, automobile expenses, or computer depreciation as a business-expense deduction, Congress has created strict substantiation requirements. See 26 U.S.C. Secs. 162(a), 274(d), 280F(d)(4). A taxpayer must be able to substantiate each element of such expenditures by "adequate records" or by sufficient evidence corroborating his statements as to his expenditures. See 26 C.F.R. Sec. 1.274-5(c).
 
 
 21
 Here, we agree with the tax court that the Whatleys failed to present sufficient evidence to substantiate their deductions for (1) car and truck expenses, (2) computer depreciation, and (3) travel and entertainment expenses. See 26 U.S.C. Secs. 162(a), 274(d). First, as to an "adequate record", Mr. Whatley testified that he did not keep a log of automobile expenses or a travel and entertainment log at or near the time of the expenditures. See 26 C.F.R. Sec. 1.274-5(c)(2). There also is no evidence that Mr. Whatley kept a log of business computer usage. See id. Moreover, although Mr. Whatley testified that the automobile and the computer were used for business purposes, his testimony was not corroborated. See id. Sec. 1.274-5(c)(3); cf. Minor v. Commissioner, T.C.M. (P-H) p 90,417 (1990) (automobile expenses allowed because corroborated).
 
 
 22
 With respect to the travel expenses, the Whatleys deducted the cost of a trip to Europe in 1986 and to Hawaii in 1987. Although Mr. Whatley testified that both trips were made to solicit business, he could not name any customers solicited. See Sprott v. Commissioner, T.C.M. (P-H) p 53,051 (1953) (travel expenses to solicit business allowed). Moreover, he testified that he was married while on the European trip, and Kramer testified that during the audit, Mr. Whatley described the trip as a honeymoon. Further, Mr. Whatley testified that in Hawaii, he visited and stayed with his wife's family. Based on Mr. Whatley's unsupported and nonspecific testimony,[6] we agree with the tax court that the Whatleys did not meet their burden of proof on deductions requiring strict substantiation. See 26 U.S.C. Sec. 274(d); Meridian Wood, 725 F.2d at 1189-90.
 
 
 23
 iii. Substantiation of Rent on Business Property
 
 
 24
 Congress has imposed strict limitations on deductions for the business use of a home. See 26 U.S.C. Sec. 280A. Mr. Whatley testified that he deducted the entire rent for his apartment and telephone expenses in 1986 and his entire condominium payment and telephone expenses in 1987 on the theory that part of his home was his "office." See Pomarantz v. Commissioner, 867 F.2d 495, 496-97 (9th Cir.1988). Mr. Whatley testified, however, that he occasionally ate meals in the room that he considered his "office" and that GBS also supplied him with an office. Thus, the Whatleys failed to show that even a portion of their home was exclusively used on a regular basis as Mr. Whatley's principal place of business. See 26 U.S.C. Sec. 280A(c)(1)(A); Pomarantz, 867 F.2d at 496-97. We therefore agree with the tax court that the Whatleys failed to meet their burden of proof as to these deductions. See Meridian Wood, 725 F.2d at 1189.
 
 II
 Additions to Tax
 
 25
 The Whatleys contend that the tax court erred by upholding the IRS's assessments of additions to tax for negligence under 26 U.S.C. Sec. 6653(a) and for substantial understatement of income tax under 26 U.S.C. Sec. 6661. This court reviews the tax court's decision upholding these additions to tax under a clearly erroneous standard. Norgaard, 939 F.2d at 877.
 
 A. Negligence
 
 26
 Under section 6653(a), negligence is "the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). Section 6653(a)(1) imposes a five percent addition to tax against a taxpayer when any part of an underpayment is due to negligence. Id. Prior to 1988, section 6653(a)(1) also imposed a penalty of fifty percent of the interest due on the underpayment. Id.
 
 
 27
 Here, the IRS assessed the five-percent and the fifty-percent interest penalties on the Whatleys based on their 1986 and 1987 deficiencies. See 26 U.S.C. Sec. 6653(a)(1). Because the IRS's assessment of a section 6653(a) addition to tax is presumed correct, the Whatleys had the burden of proving that the underpayment was not the result of negligence. See Allen, 925 F.2d at 853. At trial, the Whatleys offered no evidence that they were not negligent. In fact, Mr. Whatley testified that he relied on a tax software program with which he was unfamiliar to prepare his returns. Because the Whatleys did not meet their burden, the tax court correctly upheld the IRS's imposition of negligence penalties. See id.
 
 B. Substantial Understatement
 
 28
 At the time the Whatleys filed the returns at issue, section 6661 provided for an addition to tax equal to twenty-five percent of the amount of any underpayment attributable to a substantial understatement. See former 26 U.S.C. Sec. 6661(a).[7] An understatement was substantial if it exceeded the greater of ten percent of the tax required to be shown on the return or $5,000. See id. Sec. 6661(b)(1)(A). Where a taxpayer had "reasonable cause" or substantial authority to support the understatement and acted in good faith, the IRS had discretion to waive the penalty. See id. Sec. 6661(c); Norgaard, 939 F.2d at 880.
 
 
 29
 Here, the IRS determined that the Whatleys were liable under section 6661 for a substantial understatement of tax in 1986 and 1987. Because the Whatleys understated their tax by more than ten percent for these tax years, the amounts assessed were correct. See former 26 U.S.C. Sec. 6661(b)(1)(A). The Whatleys presented no evidence showing they had reasonable cause for the understatement or substantial authority for their position. See id. Sec. 6661(c); Norgaard, 939 F.2d at 880. Thus, the tax court did not err by upholding the IRS's addition to tax for substantial understatement. See Norgaard, 939 F.2d at 880-81.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As an initial matter, we reject the Whatleys' contention that the tax court's decision must be dismissed because the IRS failed to file timely their brief in accordance with the tax court's briefing schedule. The tax court did not abuse its discretion by accepting the IRS's late brief or allotting the Whatleys less than thirty days to reply. See Tax Ct.R. 25(c), 151(a)-(c); Royster v. Commissioner, T.C.M. (P-H) p 85,258 (1985) (permitting untimely reply brief)
 
 
 [2]
 To the extent the Whatleys raise additional issues for the first time in their reply brief, we deem such issues waived on appeal because they were not presented in their opening brief. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1547-48 (9th Cir.1988) (per curiam)
 
 
 [3]
 During Kramer's cross-examination, Mr. Whatley relied on a summary of the bank-deposit analysis prepared by Kramer. The summary, however, was never entered into evidence
 
 
 [4]
 Mr. Whatley testified that he did have cash receipts, but that these receipts were lost when he fled his home allegedly in response to a death threat. The tax court was not persuaded by Mr. Whatley's explanation of how the receipts were lost
 
 
 [5]
 Although the tax court excluded these forms from evidence because the Whatleys failed to comply with a standing pre-trial order, see infra n. 6, the tax court reviewed the forms and found that they failed to substantiate the claimed deductions
 
 
 [6]
 On appeal, the Whatleys contend that the tax court wrongly excluded other corroborating evidence for failure to comply with a standing pre-trial order. The order stated that all documentary and written evidence must be stipulated to in accordance with Tax Ct.R. 91(b) unless used to impeach a witness, and that any documents or materials used for trial which were not stipulated to had to be identified and exchanged at least 15 days before trial. The parties did not stipulate to the documents Mr. Whatley wanted admitted. Moreover, Mr. Whatley did not exchange the documents with the IRS until the day of trial, and the IRS objected to the admission of the documents because the Whatleys did not comply with the pre-trial order. Under these circumstances, the tax court did not abuse its discretion by refusing to admit the documents. See Hudspeth v. Commissioner, 914 F.2d 1207, 1213 (9th Cir.1990)
 
 
 [7]
 Section 6661 was repealed in 1989. See Licari v. Commissioner, 946 F.2d 690, 692 n. 3 (9th Cir.1991)