WAAYL AHMAD SALIH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Salih v. Commissioner
Docket No. 2480-93
United States Tax Court
T.C. Memo 1994-627; 1994 Tax Ct. Memo LEXIS 632; 68 T.C.M. (CCH) 1487; December 20, 1994, Filed *632 Decision will be entered under Rule 155. Waayl Ahmad Salih, pro se. For respondent: Tim A. Tarter. SWIFT
SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies of $ 17,835 and $ 35,629, respectively, in petitioner's 1988 and 1989 Federal income tax. After settlement of some issues, the issue remaining for decision is whether petitioner is entitled to deductions attributable to a home office. All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time he filed his petition, petitioner resided in Dove Canyon, California. During 1988 and 1989, petitioner was a medical doctor with a practice in primary medical care for patients with nontraumatic injuries and illnesses. Petitioner worked in various hospitals and medical clinics in the Los Angeles Metropolitan Area. [1]
*633 Petitioner worked as an employee for some of these hospitals and medical clinics and as an independent contractor for others. Petitioner typically worked at one hospital or clinic one day and at a different hospital or clinic the next, usually working 8- hour shifts at each location. Occasionally, petitioner worked one shift right after the other, traveling to a different hospital or clinic for the second shift. Because none of the hospitals or medical clinics provided petitioner with an office, petitioner set up an office in his apartment. Petitioner spent approximately 70 percent of his work time at the various hospitals and clinics and the other 30 percent of his work time in his home office. The work time petitioner spent in his office was devoted primarily to reading medical publications, watching and listening to medical video and audio tapes, and maintaining the books and records relating to his medical practice. Petitioenr apparently made no appointments and had no contact with patients from his home office. From January to August of 1988, petitioner lived in an apartment with only two rooms, one of which was used as the bedroom. Until his marriage in April of 1988, *634 petitioner lived alone in this apartment. From April to August of 1988, petitioner and his new wife both lived in this apartment. Petitioner's home office was located in one-half of the second room of this apartment. Furniture in the half of the room used as an office consisted of a desk, chair, file cabinet, typewriter, and three bookcases. A television and a VCR were also located in the room, but the evidence is not clear where in the room the television and VCR were located. The other half of this second room was used by petitioner exclusively as a personal living room. In August of 1988, petitioner and his wife moved to a larger apartment with two bedrooms in which they lived during the remainder of 1988 and 1989. In this apartment, petitioner set up his medical office in one of the bedrooms. To furnish this room, petitioner purchased a new desk, an easy chair, a lamp, a love seat, a file cabinet, and new bookcases. Petitioner also hung new wallpaper and pictures on the walls of this room. On petitioner's 1988 and 1989 Federal income tax returns, petitioner deducted as home office expenses a portion of his rent from each apartment along with a portion of the total utilities *635 and telephone expenses petitioner and his wife incurred during 1988 and 1989. Petitioner also deducted as home office expenses the costs of furnishing the office in the new apartment. These claimed deductions are summarized below: 1988
1989
Rent
$ 6,525 $ --   Repairs
413
--  Utilities/telephone
1,114
1,557
Miscellaneous expenses
4,989
7,267
Total  $ 13,041
$ 8,824
On audit of petitioner's 1988 and 1989 Federal income tax returns, respondent disallowed in full these claimed home office deductions. OPINION Section 162(a) generally allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 280A(a), however, generally disallows deductions for expenses associated with a home office. Section 280A(c)(1)(A) provides a limited exception to disallowance of home office deductions where the portion of the home used as an office was used exclusively and regularly as the principal place of business for the trade or business of the taxpayer. Neither section 280A nor its legislative history provides helpful guidance in determining the location of a taxpayer's principal place of *636 business where the taxpayer conducts a trade or business at more than one location. Regulations under section 280A that were proposed during 1988 and 1989 stated that the following factors were to be considered in making this determination: (i) The portion of the total income from the business which is attributable to activities at each location; (ii) The amount of time spent in activities related to that business at each location; and (iii) The facilities available to the taxpayer at each location for purposes of that business. For example, if an outside salesperson has no office space except at home and spends a substantial amount of time on paperwork at home, the office in the home may qualify as the salesperson's principal place of business. [Sec. 1.280A-2(b)(3) Proposed Income Tax Regs., 48 Fed. Reg. 33320 (July 21, 1983).]
Similarly, Internal Revenue Service Publication 587, entitled "Business Use of Your Home", published and in circulation during 1988 and 1989, provided the following example similar to the example in the proposed regulation: Joe Smith is an outside salesperson. His only office is a room in his home used *637 only for business. He spends a substantial amount of time there maintaining business records and making appointments. His home qualifies as his principal place of business. Therefore, he can deduct expenses for the business use of his home.
In 1993, after respondent had published both section 1.280A- 2, Proposed Income Tax Regs., supra, and Publication 587, the Supreme Court decided Soliman v. Commissioner, 506 U.S.    , 113 S. Ct. 701 (1993). The Supreme Court in Soliman identified two primary factors that should be applied in determining whether a home office qualifies as a taxpayer's principal place of business: (1) The amount of time spent at each location, and (2) the relative importance of the activities performed at each location. To conform Publication 587 to the two factors set forth in Soliman v. Commissioner, supra, respondent issued Internal Revenue Service Notice 93-12, 1993-1 C.B. 298, entitled "Home Office Deduction." Respondent, however, stated in Notice 93-12 that she would not challenge home office deductions taken for years prior to 1992 if the taxpayer's *638 situation reasonably fell within either the example set forth in section 1.280A-2(b)(3), Proposed Income Tax Regs., supra, or the example in Publication 587. The parties herein agree that because petitioner spent the majority of his working time in hospitals and clinics treating patients, an activity of primary importance to petitioner's trade, petitioner's home office expenses do not qualify as deductions under Soliman. Because, however, of the relief offered to taxpayers under Notice 93-12, supra, respondent concedes that if petitioner's home office expense deductions for the years 1988 and 1989 reasonably qualify under respondent's pre-Soliman publications, the home office expense deductions claimed by petitioner should be allowed. Petitioner has the burden of proving that he reasonably falls within the factors and examples given in Publication 587 and section 1.280A-2(b)(3), Proposed Income Tax Regs., supra. Rule 142(a); Pomarantz v. Commissioner, 867 F.2d 495, 496 (9th Cir. 1988), affg. T.C. Memo. 1986-461; Crawford v. Commissioner, T.C. Memo. 1993-192. We find that *639 petitioner has failed to meet this burden. Only approximately 30 percent of petitioner's work time was spent in his home office. The remainder of petitioner's work time was spent in the hospitals and clinics. None of petitioner's income from his medical practice was directly derived from his work at home. All of petitioner's income is related directly to petitioner's treatment of patients at the hospitals and clinics. Petitioner apparently had no contact with patients from his home. Finally, the medical facilities available to petitioner at the hospitals and clinics were far more essential to petitioner's medical practice than the publications that petitioner read in his home office. Petitioner argues that the example provided in Publication 587, involving an outside salesperson whose only office was in his home, is similar to his situation and should be controlling. The example, however, relies on the fact that the salesperson spent a substantial amount of time in the office maintaining business records and making appointments. As indicated, petitioner spent little time in his office maintaining the records relating to his medical practice. Petitioner had no direct contact *640 from his home with his patients. Petitioner has not met his burden of proving that his home office was his principal place of business under the factors and examples given in respondent's pre-Soliman publications. Petitioner also has not met his burden of proving that he used his office exclusively for his trade or business. While testifying, petitioner never directly answered questions posed by the Court as to whether he used the television and VCR to watch nonmedical programs. Also, during the months in 1988 in which petitioner and his wife lived in the two-room apartment, we are not convinced that an entire half of one of the two rooms was used exclusively as petitioner's office. We sustain respondent's disallowance of petitioner's claimed home office deductions. Decision will be entered under Rule 155. Footnotes
1. During 1988, petitioner worked for the Western Medical Center, Kaiser Permanente, and the medical clinic at the Los Angeles County Jail. During 1989, in addition to the Western Medical Center and Kaiser Permanent, petitioner worked for the Anaheim General Hospital and FHP, Inc.↩