Michel L. DIXON, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 00–70007.

Tax Ct. No. 2596–98.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Michel L. Dixon appeals pro se the tax court's decision, following a bench trial, upholding the Commissioner of Internal Revenue's determination of federal income tax deficiencies and a penalty under 26 U.S.C. § 6651(a)(1). We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We review tax court evidentiary decisions for an abuse of discretion, *Hudspeth v. Commissioner,* 914 F.2d 1207, 1213 (9th Cir.1990), and questions of fact for clear error, *Boyd Gaming Corp. v. Commissioner,* 177 F.3d 1096, 1098 (9th Cir.1999).

Dixon has not demonstrated that the tax court abused its discretion by excluding the exhibits not identified 15 days before trial, as required in the pretrial order, nor has he demonstrated any prejudice. *See Alexander Shokai, Inc. v. Commissioner,* 34 F.3d 1480, 1488 (9th Cir.1994).

Because Dixon failed to substantiate by adequate records the amount of his travel expenses, the time and place of the expenses, and the business purpose of the expenses, the tax court correctly rejected Dixon's claimed deduction for traveling expenses. *See* 26 U.S.C. § 274(d); *Meridian Wood Prods. Co. v. United States,* 725 F.2d 1183, 1188 (9th Cir.1984). The tax court also correctly rejected Dixon's claimed deduction for home office expenses because he failed to establish that a portion of his dwelling was used exclusively on a regular basis as his principal place of business. *See* 26 U.S.C. § 280A(c)(1); *Pomarantz v. Commissioner,* 867 F.2d 495, 496 (9th Cir.1988).

Because the evidence at trial established that Dixon filed his tax return over 60 days late and Dixon failed to demonstrate reasonable cause, the late-filing penalty under section 6651 was proper. *See* 26 U.S.C. § 6651(a)(1); *United States v. Boyle,* 469 U.S. 241, 243, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985).

Dixon's remaining claims lack merit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request is denied.

We grant Dixon's motion to file late the reply brief; we have considered the reply brief in concluding this appeal.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.