**Louis A. and Merridawn BROWNING, Plaintiffs–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant–Appellee.**

No. 88–7426.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 1989 *.

Decided Dec. 5, 1989.

---

Burgess L. Doan and Marvin L. Martin, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for plaintiffs-appellants.

Gary R. Allen, David I. Pincus and Teresa E. McLaughlin, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Louis and Merridawn Browning ("The Brownings") appeal the Tax Court's decision that they were not entitled to depreciate three antique violins and that they were not entitled to an investment tax credit for one of the violins. The Brownings also appeal the Tax Court's decision not to allow them to deduct certain expenses incurred in maintaining a music practice room in their home. The Tax Court upheld the finding by the Commissioner of Internal Revenue ("the Commissioner") that the Brownings were not entitled to depreciate their violins, nor claim an investment tax credit, nor deduct expenses for the music room. We affirm.

## BACKGROUND FACTS

Louis Browning is a professional musician. Browning performs in various places such as nightclubs and bars as well as at private engagements. In 1978, Browning purchased a Ruggeri violin for $24,000. The violin included a certificate of authenticity. In 1979, Browning purchased a Stradivarius violin for $130,000 and that, too, carried a certificate of authenticity. In 1981, Browning purchased a Gabrielli violin for $27,000. The Gabrielli was certified as authentic. All three violins were crafted by renowned violin makers and each is over 200 years old. The Ruggeri was made in 1675, the Stradivarius in 1736 and the Gabrielli in 1779.

In 1980, the Brownings claimed a deduction on their tax return for depreciation of the Stradivarius and the Ruggeri violins.

In 1981, the Brownings claimed a similar deduction for all three violins. In 1981, the Brownings also claimed a tax investment credit on the Gabrielli. In seeking the above deductions, the Brownings made the rather surprising claim that these fine instruments which were then over 200 years old had remaining useful lives of twelve years. The Brownings claimed that the violins would be worth nothing in twelve years. Finally, the Brownings claimed a deduction in 1980 for expenses incurred in maintaining a practice room in their home.

The Commissioner disallowed all of the deductions and sent the Brownings a deficiency notice. The Brownings petitioned the Tax Court to determine whether the deficiencies were proper and the Tax court upheld the Commissioner's findings.

## STANDARD OF REVIEW

This court reviews the Tax Court's findings of fact under the clearly erroneous standard. *Pomarantz v. Commissioner,* 867 F.2d 495, 497 (9th Cir.1988). In this case, the Tax Court found as matters of fact that the antique violins were not depreciable property and that Brownings did not regularly use the music practice room.

## DISCUSSION

A. Depreciation of the Violins.

■ A taxpayer is entitled to deduct from his taxes certain costs incurred in purchasing that kind of business property which loses value over time. *See* 26 U.S.C. § 167(a) (1954). In order to qualify as depreciable property, a taxpayer must first show that the item is used for business. *Id.* Then the taxpayer must establish three facts: (1) the cost (or basis) of the property, (2) the salvage value of the property, and (3) the useful life of the property. 26 C.F.R. § 1.167(a)–1. In this case, the Commissioner disputed the Brownings' estimates of salvage values for their violins and their estimates of each violin's useful life.

■ The salvage value of an item of property is the amount that the owner estimates he or she will realize at the time the owner disposes of the property. 26 C.F.R. § 1.167(a)–1(c). The salvage value must include an estimated resale or second-hand value. *Massey Motors v. United States,* 364 U.S. 92, 107, 80 S.Ct. 1411, 1419, 4 L.Ed.2d 1592 (1960). The taxpayer has the burden to establish that the salvage value of the property is less than the original cost of the property to the taxpayer. *See, e.g., Smith v. Commissioner,* 800 F.2d 930, 933 (9th Cir.1986) (taxpayer has burden of proving that he is entitled to deduction); *see also* Rule 142, Tax Court Rules of Practice & Procedure. Furthermore, the Commissioner's decisions are presumed to be correct and the taxpayer has the burden of proving that the Commissioner's decision was wrong. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

■ The Brownings never established an exact salvage value for any of their violins. In fact, the Brownings did not present any evidence of the salvage value of either the Gabrielli violin or the Ruggeri violin. The best evidence that the Brownings introduced for the Stradivarius was a statement by their expert witness that the Stradivarius might lose value over the next several years because of the stress on the instrument caused by constant playing. However, in 1984, some five years into the claimed useful life, that same expert stated in an insurance appraisal that the Stradivarius had a replacement value of $225,000. In contrast, the Commissioner presented the Tax Court with an expert report indicating that the Stradivarius would appreciate in value. The Commissioner's expert estimated that the Stradivarius would rise in value to $275,000 by 1992.

While the Tax Court was somewhat skeptical about the method of calculating salvage value used by the Commissioner's expert, the burden of proof was on the Brownings to establish that their violins had a salvage value less than their original cost. The Brownings failed to meet that burden. They have failed to show any real decrease in value. The Tax Court did not clearly err when it found that the Brownings did not present sufficient evidence to

refute the Commissioner's ruling that the violins would actually appreciate in value over time rather than depreciate.

The Brownings also had the burden of proving each violin's useful life. The applicable Treasury regulation defines an item's useful life as the time period "over which the asset may reasonably be expected to be useful to the taxpayer in his trade or business or in the production of his income." 26 C.F.R. § 1.167(a)-1(b). The IRS has also ruled that a "valuable and treasured art piece" does not have a determinable useful life because the physical condition of the artwork does not usually determine its useful life. Rev.Rul. 68-232, 1968-1 C.B. 79.

The Brownings argued that each of the three violins had a useful life of twelve years. They chose that figure by using Revenue Procedure 77-10 which sets out the useful lives of some common business assets. Rev.Proc. 77-10, 1977-1 C.B. 548: see also 26 C.F.R. § 1.167(a)-11. The Brownings state that their antique violins fit under the classification for "recreation assets." Recreation assets are things "used in the provision of entertainment services" such as bowling alleys, billiard and pool establishments, theaters and concert halls. Rev.Proc. 77-10, Asset Guideline Class 79.0. There is no asset category for musical instruments.

The Tax Court was unpersuaded that the violins constituted recreational assets under Rev.Proc. 77-10, as are we. The Brownings' method would treat in the same way both a valuable violin and a cheap tambourine. Each instrument would only last twelve years as long as each was taken into a concert hall or otherwise used professionally. We doubt that even the Brownings seriously think that these instruments, bowling balls and billiard balls have anything in common. As the Tax Court noted, antique violins such as a Stradivarius are considered collectible items and not all purchasers need necessarily be professional musicians. Therefore, the violins have a value independent of their tonal qualities and that value may extend their useful lives which makes the violins more

like pieces of art. The Tax Court did not clearly err when it held that the Brownings had failed to carry their burden of proving that violins which had already survived for over two hundred years had only twelve years remaining in their useful lives.

B.  Investment Tax Credit.

Section 48(a) of the Internal Revenue Code allows a taxpayer to claim an investment tax credit for certain types of property. 26 U.S.C. § 48(a) (1954). Section 48 includes property which has a useful life of three years or more and which is depreciable. The Tax Court denied the Brownings' claim for a tax credit on their Gabrielli violin because they failed to establish that the Gabrielli was depreciable property. Given that the Tax Court did not clearly err when it determined that none of the Brownings' violins were depreciable property, the Tax Court was also correct when it ruled that the Brownings could not claim an investment credit for the Gabrielli violin. *See Hawkins v. Commissioner*, 713 F.2d 347, 354 (8th Cir.1983) (Taxpayer who failed to demonstrate useful life or salvage value of art denied investment tax credit).

C.  Deduction for Music Room Expenses.

In general, a taxpayer may not deduct expenses incurred in maintaining his or her home. See *Pomarantz*, 867 F.2d at 496; 26 U.S.C. § 280A(a) (1954). However, when a portion of the home is used exclusively and regularly as the principal place of business, the taxpayer may deduct expenses incurred in maintaining that portion of the home. 26 U.S.C. § 280A(c)(1) (1954). The Brownings had the burden of establishing that their alleged practice room was used exclusively and regularly as Mr. Brownings' principal place of business. *See, e.g., Smith*, 800 F.2d at 933.

The Commissioner and the Brownings stipulated that the Brownings used the music room exclusively for business. However, the Brownings had the burden of showing that the room was regularly used as the principal place of business. The

Brownings failed to present any evidence that they regularly used their music room. The only statement that the Brownings presented was that Mr. Browning used the *violins* regularly. Therefore, the Brownings failed to carry their burden of proof. The Tax Court did not clearly err when it upheld the IRS' decision not to allow the Brownings to deduct the expense incurred in maintaining their practice room.

## CONCLUSION

The Brownings sought to convince the Commissioner, the Tax Court and now us that three extraordinary violins which have withstood the ravages of time and use for well over two centuries will be worthless in slightly over a decade. We do not say that it could not be so. However, there are substantial reasons to doubt it, and the taxpayers have not presented sufficient evidence to prove it so. Likewise, their claim of exclusive and regular use of a practice room fails for lack of evidence.

AFFIRMED.