76 F.3d 388
 76 A.F.T.R.2d 95-8029, 96-1 USTC P 50,096
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Irving RUSSELL, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer William Irving Russell appeals pro se the Tax Court's decision upholding in part the Commissioner of Internal Revenue's ("Commissioner") determination of federal income tax deficiencies for the tax years 1984, 1985, and 1986. The Commissioner limited Russell's claimed rental expenses with respect to Russell's home ("the Marymount property") to the amount such expenses did not exceed the rents received by Russell. The Commissioner also disallowed Russell's claim for a home office deduction. We review the Tax Court's findings of fact for clear error and its conclusions of law de novo. See Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986). We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.
 
 
 3
 Russell contends that the Tax Court clearly erred by finding that the Marymount property was a single dwelling unit within the meaning of the Tax Code. This contention lacks merit.
 
 
 4
 The dwelling in question is a single structure home. Russell had access to the rest of the house and admittedly used some of the common areas. Under these circumstances, the Tax Court did not clearly err by finding that the Marymount property was a single dwelling unit within the meaning of the Tax Code. See Betson, 802 F.2d at 367.
 
 
 5
 Russell also contends that the Tax Court erred by disallowing his deductions for rental losses that exceeded the rents he received from renting rooms in his home. This contention lacks merit.
 
 
 6
 Generally, no deduction is allowed "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." 26 U.S.C. § 280A(a). An exception to this general rule provides that "Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the application of subsection (e))." 26 U.S.C. § 280A(c)(3). Section 280A(e) requires a taxpayer who uses a dwelling unit for personal purposes during the taxable year to allocate expenses between personal use and rental use of the dwelling unit. See 26 U.S.C. § 280A(e). Deductions for expenses incurred in the rental use of a residence are further limited to an amount not to exceed the gross rental income over the portion of the expenses otherwise allowable that are attributable to the rental use. See 26 U.S.C. § 280A(c)(5).
 
 
 7
 Here, the Commissioner disallowed Russell's rental loss deductions to the extent the deductions exceeded his rental income for the years in issue. Russell claims that 26 U.S.C. § 280A is not applicable to his case because section 280A applies only to vacation homes. We disagree. On its face, section 280A does not expressly limit its application to vacation homes and we decline to impose such a limitation. See 26 U.S.C. § 280A.
 
 
 8
 Russell also contends that the Tax Court erred by finding that Russell was not entitled to a home office deduction because Russell failed to show that he used a portion of his master bedroom exclusively as an office. This contention lacks merit.
 
 
 9
 As previously noted, 26 U.S.C. § 280A(a) disallows deductions with respect to the use of a dwelling unit that is used by the taxpayer as a residence. See 26 U.S.C. § 280A(a). Section 280A(c)(1), however, allows a taxpayer to deduct expenses incurred in connection with the exclusive use of a home office. See 26 U.S.C. § 280A(c)(1).
 
 
 10
 Here, the Tax Court found that Russell failed to demonstrate that he used the master bedroom exclusively, on a regular basis, as the principal place of business for his electronics restoration business. In fact, the Tax Court found that Russell's Van Nuys, California apartment was his principal place of business and Russell has failed to show that this finding was clear error. The Tax Court did not err by holding that Russell was precluded from deducting depreciation with respect to his home office. See id.; Browning v. Commissioner, 890 F.2d 1084, 1087-88 (9th Cir.1989).
 
 
 11
 Finally, Russell contends that the Tax Court erred by failing to consider his additional deductions for a loan transfer fee for the tax year 1986 and for equipment depreciation for the tax years 1985 and 1986. This contention lacks merit.
 
 
 12
 Russell did not present these additional contentions in his Tax Court petition and failed to raise these issues in his opening brief before the Tax Court. The Tax Court properly declined to consider Russell's newly asserted contentions. See Tax Ct.R. 34(b)(4) ("Any issue not raised in the assignment of errors shall be deemed to be conceded.); Grauvogel v. Commissioner, 768 F.2d 1087, 1090 (9th Cir.1985) ("Issues not raised below will generally not be considered on appeal.").
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3