77 F.3d 490
 77 A.F.T.R.2d 96-1008, 96-1 USTC P 50,155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waayl Ahmad SALIH, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Waayl Ahmad Salih appeals pro se the Tax Court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determinations of deficiencies in his federal income taxes for the tax years 1988 and 1989.
 
 
 3
 We review the Tax Court's findings of fact for clear error and its conclusions of law de novo. See Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986). We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.
 
 
 4
 Salih contends that the Tax Court erred by disallowing his deductions for expenses for maintenance of an office in his residence on the grounds that the office was not exclusively used as his principal place of business. This contention lacks merit.
 
 
 5
 Generally, no deduction is allowed "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." 26 U.S.C. § 280A(a). Section 280A(c)(1), however, allows a taxpayer to deduct expenses incurred in connection with the regular and exclusive use of a home office as the taxpayer's principal place of business. See 26 U.S.C. § 280A(c)(1). "Section 280A imposes a heavy burden on the taxpayer to establish that home office expenses are deductible." Pomerantz v. Commissioner, 867 F.2d 495, 496 (9th Cir.1988) (citations omitted).
 
 
 6
 Under the standards applicable to this case, to determine whether a taxpayer's home office is his principal place of business several factors are to be considered:
 
 
 7
 (i) The portion of the total income from business activities which is attributable to activities at each location;
 
 
 8
 (ii) The amount of time spent in business activities in each location; and
 
 
 9
 (iii) The facilities available to the taxpayer at each location.
 
 
 10
 Prop.Treas.Reg. § 1.280A-2(b)(3), 45 Fed.Reg. 52,399, 52,403 (1980), as amended, 48 Fed.Reg. 33,320, 33,324 (1983); see Pub. 587, "Business Use of Your Home" 2 (revised Nov. 1988).
 
 
 11
 Salih failed to show that the Tax Court erred by finding that Salih's income from his medical practice was derived from the hospitals and clinics where he treated his patients and not from the work he did at his home. Salih also failed to show that the Tax Court clearly erred by determining that Salih spent approximately thirty percent of his work time in his home office, while he spent the remainder of his time at various hospitals and clinics. Finally, Salih failed to show that the Tax Court erred by finding that the medical facilities available to him were more essential to his medical practice rather than the facilities provided in his home. Accordingly, the Tax Court did not err by holding that Salih failed to show that his principal place of business was his home office. See 26 U.S.C. 280A(c)(1); Prop.Treas.Reg. § 1.280A-2(b)(3); Browning v. Commissioner, 890 F.2d 1084, 1087-88 (9th Cir.1989).
 
 
 12
 Salih also contends that the Tax Court erred by holding that his home office was not used exclusively for his business. This contention lacks merit.
 
 
 13
 Salih failed to demonstrate that the residential spaces in question were used exclusively and regularly, as the principal place of business for his medical practice. The Tax Court noted that Salih's credibility was questionable because he never directly answered questions with respect to the possible personal use of his office space. We will not set aside the Tax Court's decision because a credibility determination is for the Tax Court rather than this court. See McKay v. Commissioner, 886 F.2d 1237, 1238 (9th Cir.1989). Accordingly, the Tax Court did not err by holding that Salih was precluded from deducting his expenses with respect to his home office. See 26 U.S.C. § 280A(c)(1); Browning, 890 F.2d at 1087-88.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note that in his reply brief Salih concedes the issue of whether the Tax Court erred with respect to the computation made in its decision