T.C. Memo. 1996-490


UNITED STATES TAX COURT


PENNEL PHLANDER IRWIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23534-94.                    Filed October 30, 1996.


Pennel Phlander Irwin, pro se.

<u>Daniel J. Parent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1] Respondent determined deficiencies inpetitioner's Federal income taxes, and accuracy-related penalties as follows:

---

[1] All section references are to the Internal Revenue Code as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Sec. 6662(a) Accuracy-Related Penalty |
|------|-----------|---------------------------------------|
| 1990 | $3,522 | $704 |
| 1991 | 4,383 | 877 |
| 1992 | 4,906 | 981 |

After a concession by petitioner,[2] the issues for decision are: (1) Whether respondent's determination in the notice of deficiency was arbitrary; (2) whether petitioner has any remedy in this Court in regard to respondent's purported misconduct in the course of examining petitioner's returns; (3) whether petitioner is entitled to claimed Schedule C deductions for various expenses incurred pursuant to his activities as a free-lance writer; (4) whether petitioner is liable for self-employment taxes with respect to his net income earned as a free-lance writer; and (5) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found. The stipulated facts and attached exhibits are incorporated herein by reference. At the time of the filing of the petition, petitioner resided in Lodi, California.

During the years in issue, petitioner worked as an electronics training instructor for the Department of Defense. At that time, petitioner was also a self-employed writer, reporting items of income and deductions on Schedules C.

---

[2] Petitioner concedes that slot machine winnings of $1,421, reported on Schedule C for 1991, should be recharacterized as "other income".

Petitioner received a B.A. degree in history from California State University at Sacramento.  He has written five unpublished novels, including: Great Woods Poppy; Trappers; Forever Three Friday; Positively People; and Atla One, the first of a trilogy.

With respect to his activities as a "self-employed writer/editor/educator", petitioner reported income and claimed expenses on Schedules C as follows:[3]

| Expenses | 1990 | 1991 | 1992 |
|---|---|---|---|
| Car and truck expenses | $4,187 | $5,633 | $10,228 |
| Insurance | 2,549 | 2,917 | 2,597 |
| Legal and professional services | 139 | 100 | 545 |
| Office expense | 157 | 1,498 | 1,647 |
| Vehicle lease | 2,621 | 2,639 | 2,658 |
| Lease of other business property | 3,222 | 2,925 | 3,130 |
| Repairs and maintenance | 48 | 582 | 629 |
| Taxes and licenses | 445 | 535 | 527 |
| Travel, meals, and entertainment | 1,892 | 738 | 1,833 |
| Utilities | 1,393 | 2,263 | 1,702 |
| Postage | 75 | 151 | 211 |
| Research | 9,455 | 10,237 | 4,366 |
| Writing experimentation | 67 | 255 | 171 |
| Telephone | 784 | 910 | 804 |
| Total expenses | 27,034 | 31,383 | 31,048 |
| Gross income | 2,356 | [1]1,421 | 3,419 |
| Net income/loss | (24,678) | (29,962) | (27,629) |

[1]  Petitioner now concedes that this amount constituted gambling income, unrelated to his writing activities.  See supra note 2.

_____

[3]  The items and amounts listed are taken from petitioner's amended returns (Forms 1040X) for the years 1990, 1991, and 1992. On the amended returns, petitioner claimed larger deductions than claimed on his original returns.  The notice of deficiency specifically disallows the amounts claimed on both the original and the amended returns.

Petitioner's claimed deductions include, inter alia: (1) The costs related to leasing petitioner's purported home office, a five-room modular building located on a 5-acre compound, where petitioner and his wife also resided; (2) all utility costs associated with the purported home office; (3) the costs associated with furnishing petitioner's purported home office, including the costs related to purchasing a television, washing machine, bed, and hot tub; (4) the cost of purchasing an insurance policy on petitioner's life; (5) all costs associated with three cars used by petitioner and members of his family, including the costs incurred in driving between petitioner's job location as a military instructor in Sacramento, California, and his purported home office in Lodi, California; (6) expenses incurred in traveling to Michigan, where he attended his mother's funeral; (7) his daughter's dormitory expenses at college; (8) dental expenses for himself and his family; and, (9) all costs associated with the telephone in petitioner's home office, which was the only telephone line in the dwelling.

As indicated in the notice of deficiency, respondent denied all of petitioner's claimed deductions, with the exception of expenses for postage and depreciation attributable to the cost of certain office equipment.[4] Respondent determined that the

---

[4] Respondent allowed petitioner deductions for postage in the amounts of $70 in 1990, $143 in 1991, and $211 in 1992. Respondent allowed deductions for depreciation expenses in the

expenses underlying the denied deductions were either personal in
nature, or inadequately substantiated.  On the other hand, in a
2-page document entitled "The Audit of '91", by Pennel P. Irwin,
petitioner states in part:

> Because of the nature of the business, expenses vary
> depending upon the type of writing being done.  For
> non-fiction writing, expenses are limited to just those
> items directly related to the subject being researched.
> For fiction writing all personal experiences and
> observations are all business experiences and
> observations * * * so there is no distinction between
> personal and business costs * * *.  (Example:  Upon
> awaking in the morning the toiletry and dressing
> process carried out by myself, and observed in others,
> is research whose end observations are included in the
> fictional writing for similar actions carried on by the
> various characters; and therefore, different grooming
> products would be justifiable research expenses as well
> as different clothing that conveys fit and feel * * *.)
> Thus all expenses I incur are either for business
> research or business maintenance or business
> production, though I have, out of choice, not declared
> all of these---such as food, clothing, toiletries or
> amusements.

In an attempt to substantiate his claimed deductions, petitioner
provided copies of canceled checks, drawn on his personal
account.  Petitioner, however, failed to indicate the precise
nature of the expenses underlying many of the checks.  For
example, petitioner lists many of the expenses under the broad
rubric, "research materials", without specifying the expenditure
in any detail.

During the course of the examination of petitioner's return,
respondent sought certain materials, including a log or diary to

---

amounts of $101 in 1991 and $172 in 1992, attributable to the
costs of a computer disk drive and a cabinet.

substantiate where petitioner had traveled, and the business purpose of his travel expenses. Respondent also requested an itemized list of petitioner's business-related telephone calls. Petitioner refused to provide the requested materials to respondent's agents.

At trial, petitioner reiterated the same objections made during the course of the examination, arguing that respondent engaged in prior restraint of free speech in violation of the First Amendment of the U.S. Constitution by seeking to examine petitioner's "works in progress", and that respondent's examination of petitioner's copyrighted literary works resulted in copyright infringement. Petitioner also argued that respondent's determinations in the notice of deficiency were arbitrary and without foundation. In short, petitioner fervently believes that because his activities involve writing, the First Amendment and copyright protections entitle him to deduct any expenses which he deems ordinary and necessary, without being questioned.

OPINION

1. General

Petitioner makes various claims of illegal and unconstitutional conduct by agents of respondent. We have attempted to limit our discussion to those matters with a hint of plausibility. With respect to the more frivolous claims,

however, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

### (A) Arbitrariness of respondent's determinations in notice of deficiency

Petitioner repeatedly claims that respondent's notice of deficiency was "arbitrary, capricious, and without foundation". Generally, the notice of deficiency is presumed correct, and the taxpayer carries both the burden of proof and the burden of going forward with evidence. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984). When a taxpayer establishes that a statutory notice is arbitrary or without foundation, however, the Commissioner bears the burden of going forward with evidence. Alanis v. Commissioner, T.C. Memo. 1995-263. The cases dealing with arbitrary determinations, however, involve issues of omitted income, where the Commissioner failed to introduce any substantive evidence indicating that the taxpayer had received income as determined in the notice of deficiency. E.g., Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977). In this case, respondent's determination was based upon petitioner's failure to establish that he is entitled to claimed deductions.

Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This is not a situation where respondent determined that petitioner had omitted income, and it is evident that the notice of deficiency was based upon an examination of petitioner's returns. As such, we reject petitioner's claim that the determination in the notice of deficiency was arbitrary.

(B) Respondent's actions in conducting the examination

We now turn to petitioner's claim that respondent engaged in an unconstitutional prior restraint of speech in her attempt to examine "confidential" details of petitioner's research in regard to his works in progress. Petitioner appears to object to respondent's request for information during the examination of the returns. Respondent, in an attempt to ascertain the correctness of a taxpayer's return, may examine any books, papers, records, or other data which may be relevant or material to such inquiry. Sec. 7602(a). Even if the "confidential" materials in question were somehow not subject to examination, petitioner must present other evidence sufficient to meet his burden of proving entitlement to the deductions in question. Coulter v. Commissioner, 82 T.C. 580, 581-582 (1984); Mayo v. Commissioner, a Memorandum Opinion of this Court dated Oct. 30, 1951 (disallowing deductions for lack of substantiation where

petitioner refused to provide records, invoking Fifth Amendment). For the foregoing reasons, we reject petitioner's assertions.

Petitioner also contends that respondent, in the course of the examination, abridged petitioner's copyright interest in a 1993 article entitled, "The Audit of '91". Petitioner's copyright infringement claims have no foundation. Respondent is entitled to examine petitioner's literary works in order to establish whether there was a connection between petitioner's claimed business deductions and petitioner's business as a writer. Accordingly, we reject petitioner's arguments.

## 2. Schedule C Deductions

We now turn to the question of whether petitioner may properly claim the deductions in question. As explained supra, petitioner bears the burden of proving entitlement to any claimed deductions. In this regard, taxpayers must keep sufficient records to establish the amount of deductions or other matters required to be shown on the taxpayer's return. Sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) generally allows a deduction for "ordinary and necessary" expenses incurred while carrying on a trade or business. Respondent does not appear to question that petitioner's writing activities constitute a "trade or business". Respondent, however, argues that petitioner has failed to prove that the deductions claimed are "ordinary and necessary" expenses

arising from petitioner's writing activities.  An ordinary and necessary expense is one which is appropriate and helpful to the taxpayer's business and which results from an activity which is common and accepted practice.  Boser v. Commissioner, 77 T.C. 1124, 1132 (1981), affd. without published opinion (9th Cir. 1983).  Where taxpayers establish that they have incurred trade or business expenses, but are unable to substantiate the precise amount of the expenses, we may estimate the amount of the deductible expenses.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, we cannot estimate deductible expenses unless the taxpayer presents evidence sufficient to provide some rational basis upon which estimates may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 262 denies a deduction for any personal, living, or family expenses.  The distinction between deductible trade or business expenses on the one hand, and nondeductible personal expenses on the other, is based on a weighing and balancing of the facts and circumstances of each case.  R.R. Hensler, Inc. v. Commissioner, 73 T.C. 168, 176-177 (1979).  With respect to deductions under section 162, the taxpayer bears the burden of proving that an expense was incurred for business, rather than personal reasons.  Walliser v. Commissioner, 72 T.C. 433, 437 (1979).  Specifically, taxpayers must show that the expense was incurred primarily to benefit their business, and there must have

been a proximate, rather than remote or incidental, relationship between the claimed expense and petitioner's business.  Id.

We have also recognized that some expenditures are so "inherently personal" that they are never deductible, regardless of the relative importance of the expenditures in connection with the taxpayer's trade or business.  Fred W. Amend Co. v. Commissioner, 55 T.C. 320, 325-326 (1970), affd. 454 F.2d 399 (7th Cir. 1971).  As we noted in Bakewell v. Commissioner, 23 T.C. 803, 805 (1955), where we held that the taxpayer could not deduct the cost of a hearing aid:

> We believe that a hearing aid is so personal as to come within the meaning of section 24(a)(1).  Even if it is used in petitioner's business, * * * the device is so personal as to preclude it from being a business expense.  A businessman's suit, a saleslady's dress, the accountant's glasses are necessary for their businesses but the necessity does not overcome the personal nature of these items and make them a deductible expense. * * *

In this case, petitioner suggests that his status as a writer of fiction can convert otherwise personal expenses into deductible business expenses, simply because the expenditure is related to something petitioner may wish to write about.  We shall address separately each category of claimed expenses.

(A)  Home Office Deductions

Petitioner describes his entire five-room modular home as a "business location", and claims deductions for all expenses relating to rent, utilities, maintenance, furnishings, and

insurance.  Section 280A(a) provides that, generally, taxpayers may not deduct expenses (that are otherwise allowable) with respect to the use of a dwelling unit that also serves as the taxpayer's residence during the taxable year.  There are several exceptions to this rule.  The limitations imposed by section 280A do not apply to expenses attributable to any portion of a taxpayer's dwelling unit used <u>both</u> exclusively <u>and</u> on a regular basis as the principal place of petitioner's trade or business. Sec. 280A(c)(1)(A).  In the present instance, respondent argues that petitioner has failed to show that the business use of his residence was regular and exclusive.

In order for a taxpayer to establish use on a "regular" basis, the business use must be more than occasional or incidental.  <u>Jackson v. Commissioner</u>, 76 T.C. 696, 700 (1981).  A taxpayer "exclusively" uses a portion of his dwelling in a trade or business if the portion in question is not used for other than business purposes.  Sec. 1.280A-2(g)(1), Proposed Income Tax Regs., 45 Fed. Reg. 52404 (Aug. 7, 1980); <u>Hefti v. Commissioner</u>, T.C. Memo. 1993-128.  Petitioner has not offered sufficient evidence regarding the amount of time and nature of the work conducted at his home to establish regular use.  <u>Browning v. Commissioner</u>, T.C. Memo. 1988-293, affd. 890 F.2d 1084 (9th Cir. 1989).  Furthermore, petitioner has failed to prove that any portion of his home was used exclusively for his writing

activities. <u>Browning v. Commissioner</u>, 890 F.2d at 1087-1088.
Petitioner has failed to establish that the business use of his
home is within the exception provided in section 280A(c)(1)(A).
As such, petitioner's dwelling unit does not qualify as a home
office, and we deny petitioner's claims for deductions related to
his home.

### (B)  Car and Truck Expenses

Petitioner claims automobile expense deductions with respect
to three vehicles used during the years 1990, 1991, and 1992.
Petitioner's automobile logs, offered as substantiation for these
expenses, were not prepared contemporaneously.  Petitioner claims
that all the vehicles in question were used exclusively for
business purposes.

### (1)  1985 Nissan Sentra

For 1990, petitioner claims that he used his 1985 Nissan
exclusively for business purposes.  The total mileage for the
year is 23,900 miles.  Of this amount, 22,767 miles are travel
between petitioner's teaching job in Sacramento, and his
residence in Lodi.[5]  We find that petitioner's primary motivation
in traveling between Sacramento and Lodi was to commute to and
from the home where he and his family resided.  Petitioner would
have returned to his Lodi residence regardless of whether it also

---

[5]  The remaining 1,133 miles relate to travel away from
petitioner's home and are separately discussed <u>infra</u>.

served as his writing compound. As such, the expenses in question were nondeductible personal commuting expenses. Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); Mazzotta v. Commissioner, 57 T.C. 427, 429 (1971), affd. per curiam 465 F.2d 1399 (2d Cir. 1972), affd. without opinion 467 F.2d 943 (2d Cir. 1972).

### (2) 1988 Toyota Pickup

Petitioner's wife (Ms. Irwin) was a teacher who also assisted petitioner with his writing activities on a part-time basis. Ms. Irwin was the primary driver of a 1988 Toyota pickup leased by petitioner. Petitioner claims 1,297 business miles driven in 1990, 2,618 in 1991, and 2,164 in 1992. Apart from identifying each log entry as "writing research travel", petitioner offers no evidence regarding the business purpose of any of the miles driven. As such, we deny petitioner's claims for deductions with respect to the Toyota pickup.

### (3) 1990 Toyota Camry

For the years 1991 and 1992, petitioner claims that he used his 1990 Toyota Camry for business purposes. The purported business mileage is 22,616 for 1991, and 21,850 for 1992. Of these amounts, petitioner's commuting mileage totals 21,806 in 1991, and 21,420 in 1992. As explained supra, expenses relating to commuting are nondeductible. In attempt to substantiate the remaining mileage, petitioner introduces a copious amount of

material, including insurance policies, gas station receipts, and canceled checks. While these materials establish the amounts expended, petitioner has completely failed to specify the business purpose of each expense underlying the receipt or canceled check. Thus, petitioner has failed to provide any specific evidence that would indicate that he used the car in pursuit of his writing activities. Petitioner's claimed deductions relating to the 1990 Toyota are not allowable. Cobb v. Commissioner, 77 T.C. 1096, 1101 (1981); Telfeyan v. Commissioner, T.C. Memo. 1988-425, affd. without published opinion 881 F.2d 1086 (11th Cir. 1989).

### (C)  Dues and Publications

Petitioner claims deductions for various magazine subscriptions and membership dues. Petitioner must provide evidence sufficient to establish a specific connection between the expenditures and petitioner's trade or business as a writer. Gorman v. Commissioner, T.C. Memo. 1986-344. Petitioner has failed to establish any connection, and we sustain respondent's determination on this issue.

### (D)  Insurance

Petitioner claims a deduction for a life insurance policy providing $50,000 in benefits upon his death. Generally, the cost of life insurance is not deductible. Sec. 1.262-1(b)(1), Income Tax Regs. Therefore, we sustain respondent on this issue.

We also reject petitioner's claims for deductions related to the expense of insuring his vehicles. As previously discussed, petitioner has failed to establish any business use of the vehicles in question. Therefore, we sustain respondent on this issue.

### (E) Office Expenses/Supplies

Petitioner claims deductions for "supplies" related to his literary activities. Most of these expenses, such as furniture for his residence, a washing machine, and a microwave oven, are inherently personal. Section 262 precludes such deductions. The record, however, indicates that petitioner incurred deductible expenses for stationery and envelopes. We allow petitioner a deduction with regard to these expenses in amounts equal to $5.55 in 1990 and $35.43 in 1991.

### (F) Travel, Meals, and Entertainment

Taxpayers may deduct travel expenses incurred while away from home in pursuit of a trade or business. Sec. 162(a)(2). Traveling expenses, however, are governed by the strict substantiation requirements of section 274(d). Under section 274(d), petitioner must substantiate the amount of the expense, the time and place of the travel, and the business purpose of the expense. If petitioner fails to meet the provisions of section 274(d), we cannot employ the principles of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to estimate petitioner's travel

expenses.  <u>Keating v. Commissioner</u>, T.C. Memo. 1995-101; sec. 1.274-5(a), Income Tax Regs.

Petitioner claims deductions with respect to:  (1) Trips to Reno, Nevada, in 1990 and 1991; (2) a trip to Michigan in 1990, including expenses for his daughter, employed as a "research assistant"; (3) trips to Lake Tahoe, Nevada, in 1990 and 1992; and (4) a trip to Pacific Grove, California, in 1991.  In a misguided attempt to protect the names of purported writing sources, petitioner has refused to provide sufficient evidence, such as contemporaneously prepared logs or diaries, from which we could ascertain the business purpose of his travel.  Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Furthermore, we are convinced that some of petitioner's expenditures, such as the costs of travel to Michigan with his daughter to attend petitioner's mother's funeral and conduct "research" for Great Woods Poppy, were undoubtedly personal in nature.  As petitioner has failed to meet the substantiation requirements of section 274(d), we sustain respondent's denial of all travel expenses.

(G)  <u>Research</u>

Petitioner introduced canceled checks, attributable to a variety of expenditures, purportedly related to his literary research.  While petitioner lists the amounts of expenditures, he failed to present any detailed evidence concerning the specific nature of each expenditure.  Many of these expenditures are

inherently personal in nature, including: The cost of his family's dental work; the cost of his daughter's college education, Ates v. Commissioner, T.C. Memo. 1985-469; personal grooming expenses, Hynes v. Commissioner, 74 T.C. 1266, 1289-1292 (1980); and the cost of a television used in his home, O'Connor v. Commissioner, T.C. Memo. 1986-444; sec. 1.262-1(b)(9), Income Tax Regs. These expenses are nondeductible. With respect to the remaining expenditures, petitioner's testimony was vague and self-serving. As petitioner has failed to specify the business purpose of any item of expense, we sustain respondent's determination disallowing deductions for all research expenses.

(H) Telephone Expenses

Petitioner claims deductions for telephone expenses. Petitioner testified that one telephone line was located at his residence. Section 262(b) provides that the cost of basic local telephone service provided to the first telephone line at the taxpayer's residence is a nondeductible expense. Furthermore, petitioner has refused to provide details regarding the nature of long distance calls, invoking the First Amendment. As discussed supra, we rejected petitioner's arguments concerning constitutional violations, and we accordingly uphold respondent's disallowance of all telephone expenses.

(I) Charitable Contributions

During 1990, petitioner contributed $75 to a public radio station and $35 to the Roman Catholic Church. Generally,

contributions to charitable organizations are deductible as itemized deductions.  Secs. 170(a), 67(b)(4).  Petitioner claims that these expenses were incurred for the purpose of collecting research for his writing activities, thereby rendering the expenses deductible under section 162.  Petitioner, however, has failed to specify the precise nature of the research materials he received in consideration for the payments in question.  As such, we regard the payments as charitable contributions under section 170.  Petitioner did not elect to itemize deductions on his 1990 return.  Therefore, he is not entitled to a charitable contribution deduction.

### 3.  Self-Employment Tax

With regard to his writing activities, petitioner reported self-employment income in 1990 and 1992.  Respondent asserts that these amounts are subject to the self-employment tax imposed by section 1401.  Petitioner has the burden of proving that respondent erroneously determined liability for the self-employment tax.  Snyder v. Commissioner, T.C. Memo. 1995-285.  Petitioner has failed to address this issue.  As such, we sustain respondent's determination imposing the self-employment tax on the Schedule C income.

### 4.  Accuracy-Related Penalty Under Section 6662(a)

Respondent determined that petitioner is liable for the accuracy-related penalty provided under section 6662(a).  The accuracy-related penalty is equal to 20 percent of any portion of

underpayment attributable to a taxpayer's negligence or disregard of rules and regulations. Sec. 6662(a), (b)(1). The term "negligence" includes any failure to do what a reasonable and ordinarily prudent person would do under the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c). Respondent's determination imposing the accuracy-related penalty is presumed correct, and taxpayers bear the burden of proving that they are not liable for the accuracy-related penalty imposed by section 6662(a). Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).

While petitioner may honestly believe that he is entitled to deductions for the expenses in question, his position is not reasonable under the circumstances. Prudent individuals in petitioner's position would be aware that engaging in the trade or business of a writer does not transform personal expenses into deductible business expenses, simply because "life's experiences" are incorporated into their literary materials. Additionally, petitioner offered little evidence to substantiate the business relationship between the expenses and his literary activities. Petitioner has not met his burden of proof with respect to the

accuracy-related penalty, and respondent is, accordingly, sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.